BERTHA MYERS, Plaintiff, *v.* JOSEPH S. SCHWAB and Others, Defendants.

Supreme Court, New York Special Term, November, 1922.

Mortgage — when vendor of real estate making payment on mortgage entitled to equitable interest therein — purchaser cannot rescind contract to buy because seller is obliged to make payment on mortgage to obtain extension thereof.

The rights of the party in a contract for the sale of real property become fixed when the contract is made, and when in compliance therewith the seller obtains an extension of an existing mortgage upon the premises, the purchaser may be compelled to take the title.

Where the contract of sale called for the payment of $20,000 subject to the lien of a mortgage for the same amount and the deed subsequently delivered so provided, the fact that the seller, in order to obtain an extension of the mortgage as required by the contract of sale, was compelled to pay the holder of the mortgage $5,000, was not a ground for claim of right upon the part of the purchaser to rescind the contract because a partial change in the ownership of the mortgage had been effected after the contract was made.

The seller obtained an equitable interest in the mortgage to the extent of the $5,000 enforcible for her benefit against the land, and she never having intended that such payment should operate as an extinguishment of the mortgage *pro tanto*, such payment should not equitably reduce the amount of the agreed purchase price, and the seller having received no written assignment of any interest in the mortgage was entitled to judgment for the amount of such payment either because of an implied agreement with the holder of the mortgage or because she was equitably entitled thereto.

ACTION to recover moneys.

*Myers & Goldsmith*, for plaintiff.

*Ira J. Ettinger* (*Joseph Rosenweig*, of counsel), for defendants.

LEHMAN, J.  At the time that the plaintiff entered into the contract for the sale of the premises she made no representations that were not true.  Thereafter in order to obtain an extension of the existing mortgage as required by that contract she was compelled to pay the holder of the mortgage $5,000.  She was not required to disclose to the purchaser this payment if the information could not change the purchaser's rights.  It is claimed that the market value of property subject to a mortgage for $20,000, where the holder of the mortgage has granted another a participation in the mortgage subordinate to his own interest, is less than the value of the same property subject to a mortgage for the same amount when owned by one person, but even though I should assume that this contention were true it would be immaterial.  The purchaser entered into a contract of sale based upon conditions as they existed

at that time, and representations which might enter into his estimate of value at that time might be material, but the rights of the parties became fixed when the contract was made, and so long as the seller complied with the contract by obtaining an extension of the mortgage the purchaser was compelled to take title. The purchaser could not have complained if the holder of the mortgage had assigned it to another either before or after title was passed, and I can see no ground for a claim of right to rescind the contract because there was a partial change of ownership of the mortgage after the contract was made. It is true that these defendants who claim that they had made the contract through a dummy might have preferred to forfeit the deposit rather than take title if they had been informed of what had occurred, but the plaintiff owed no duty to disclose to the " dummy " information which could give the dummy no legal right to refuse to proceed under the contract and *a fortiori* owed no such duty to these defendants with whom she had made no contract and who had assumed no duty to her.

The only question in the case which seems to me to require serious consideration is whether the plaintiff by the payment of $5,000 to the holder of the mortgage obtained by agreement or by operation of law an interest of that amount in the mortgage since she received no written assignment of such interest and apparently nothing was said on the subject. At the time the plaintiff made this payment the mortgage was a lien on her property and she was liable for its payment. The holder refused to extend the mortgage unless such payment was made and the plaintiff was, therefore, in the position of being compelled to make such payment upon her own obligation. She was not a mere volunteer paying the obligation of a third party. That payment necessarily either extinguished the mortgage *pro tanto* or the plaintiff obtained through it an equitable interest in the mortgage to the extent of $5,000, enforcible for her benefit against the land. The contract of sale under which the defendant took title called for the payment of $20,000 by the purchaser taking subject to a mortgage for that amount, and the deed subsequently delivered so provided. It is evident, therefore, that the plaintiff never intended to have the payment made by her extinguish the mortgage *pro tanto* and thereby relieve the purchaser of the payment of $5,000 of the agreed price, and since, as stated above, the purchaser could not complain if the holder of the mortgage had granted a participation interest therein to the plaintiff, it would seem inequitable that the law should create this result in favor of the purchaser from a mere failure to obtain such a grant. The purchaser has agreed to pay a stated amount; the parties never intended to change this agreement, and the fact that plaintiff was

compelled to reduce the lien on the land before it was transferred should not equitably reduce the amount which the defendant agreed to pay. Moreover the holder of the mortgage after this payment delivered an extension of the entire mortgage of $20,000, thereby evidencing an intention to keep the mortgage alive for that amount, and since the mortgage could be kept alive for the full amount only if the plaintiff was to receive a participation therein subordinate to the interest of the holder, an agreement to that effect may well be inferred. The plaintiff is, therefore, entitled to the payment of the $5,000, either because of an implied agreement with the holder of the mortgage or because she is equitably entitled thereto. Findings passed upon. Submit complete decision and decree. Also both parties may within one week submit memoranda as to computation of amount of interest due.

Judgment accordingly.